IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ZAKEE KALEEM ABDULLAH #824088 § | |
| § | |
| V. § | A-07-CA-1043-LY |
| § | |
| S. JINKENS,[1] BRYAN COLLIER,[2] § | |
| and PAUL KIEL[3] § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint as amended. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Telford Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff claims his due process and equal protection rights were violated because the defendants

---

[1] Plaintiff identifies S. Jinkens as the Chairman of the Board of Pardons and Paroles. Stuart Jenkins is actually the Director of the Parole Division of the Texas Department of Criminal Justice.

[2] Bryan Collier was the previous Director of the Parole Division of the Texas Department of Criminal Justice.

[3] Plaintiff correctly identifies Paul Kiel as a parole commissioner.

1

have intentionally treated Plaintiff unfairly, unequally and differently from other prisoners similarly situated with regard to parole eligibility determination proceedings and hearings.  In his original complaint Plaintiff lists five instances where he contends his constitutional rights have been violated.

Plaintiff first complains that he has not had a parole board hearing by a three member panel in his last five parole reviews.  Specifically, Plaintiff complains his March 22, 2006 parole minutes reflect only two voting members, Pamela Freeman and Paul Kiel.  According to Plaintiff, he contacted Commissioner Paul Kiel about the voting situation and was informed there was no need for the third vote, if Plaintiff already received two votes to deny him parole.  Plaintiff erroneously argues Freeman had been terminated from the board prior to her vote and insists he is entitled to the third vote.[4]

Plaintiff next claims the defendants employed erroneous information, false material and untruthful reasons to deny him parole.  Plaintiff asserts the defendants did not employ these same means with regard to similarly situated prisoners.  Plaintiff's proof of the unequal treatment is the fact that other prisoners were released on parole.  Plaintiff recognizes he has no constitutional right to parole but argues he has a right to be treated equally.

Plaintiff also claims the defendants have wrongfully considered his prior convictions from the State of Arkansas.  He erroneously argues his prior convictions were voided in <u>Abdullah v. Lockhart</u>, 780 F. Supp. 1221 (E.D. Ark. 1991).[5]  He also argues his convictions are 24 years old or

---

[4] Pamela Freeman is currently a parole commissioner in the Angleton Board Office.  <u>See</u> http://texasparolewatch.com/section_/officeLinks.aspx.

[5] In Arkansas Plaintiff had pleaded guilty to two counts of attempted burglary, three counts of burglary, and two counts of theft of property in 1982 in Clark County Circuit Court. He was sentenced to five years' imprisonment on each conviction, with the sentences to run consecutively. He had previously been convicted of burglary in 1975, burglary in 1977, and forgery in 1980. <u>Id.</u>

older. He points out he has no other prior convictions from the State of Texas. Plaintiff argues that using the State of Arkansas convictions would be erroneous and excessive because Plaintiff was already paroled on his previous charges, he was not charged as a parole violator in the State of Arkansas, and the State of Arkansas dismissed the remainder of his parole time.

Plaintiff next claims the Chairman of the Board of Pardons and Paroles failed to develop and implement an administrative policy, guideline and procedure to prohibit unfair, unequal and discriminatory treatment and practices during parole eligibility determination proceedings and hearings. Plaintiff contends if such policy, guideline or procedure had been developed and implemented his constitutional rights would not have been violated.

Plaintiff also claims he has received five parole computer printouts concerning his parole denials, but he has not seen or talked to any parole board members. In addition, he asserts the printouts do not bear the signature, written or typed, of the board member rendering the decision. Plaintiff further asserts his five printouts look identical, except for the dates, and contain the same prefabricated, boilerplate, and ambiguous reasons for the denial of parole.

In his amendment to his complaint Plaintiff adds two more instances where he contends his due process and equal protection rights were violated. Plaintiff alleges he is being treated unequally, unfairly and differently by the defendants because he is a citizen from Arkansas, who was arrested in East Texas on Interstate I-30 for possession of cocaine. Plaintiff contends the defendants do not want to prepare the paperwork necessary to parole him to Arkansas and to pay the costs of such

---

at 1223-23. In his federal habeas application the United States District Court determined the 1975 and 1977 convictions could not be used to determine Petitioner's parole eligibility, because the state had not proved Petitioner had waived his right to counsel in each of those cases. Id.

parole. He concludes he is being treated differently than prisoners who live in Texas. In his final claim Plaintiff repeats he has the right to be treated equally, fairly, truthfully, and not differently under the laws than from other prisoners or citizens.

Plaintiff sues S. Jinkens, Bryan Collier, and Paul Kiel. He seeks a declaratory judgment that the defendants have violated the Due Process and Equal Protection Clauses. He also seeks an injunction (1) enjoining the defendants from treating him unfairly, unequally, and differently from similarly situated prisoners with regard to parole eligibility proceedings; (2) enjoining the defendants from using incorrect and erroneous information, false statements, and prefabricated, boilerplate and ambiguous reasons in their decision determining whether or not to grant parole; (3) enjoining the defendants from denying him parole without the full benefits of Texas Government Code §§ 508.045, 508.044(5)(C), and 508.144(a)(1); (4) prohibiting the use of Plaintiff's prior Arkansas convictions; (5) requiring defendants to develop and implement policies prohibiting unfair, unequal, discriminatory practices and treatment during Plaintiff's and other similarly situated prisoners' parole proceedings; (6) requiring that all three parole panel members' signatures appear on parole decisions; and (7) enjoining the defendants from acts of retaliation against Plaintiff.

Plaintiff also seeks compensatory damages in the amount of $25,000.00 from each defendant and punitive damages in the amount of $25,000.00 from each defendant. Plaintiff contends he has suffered emotional distress, mental anguish, psychological and severe distress.

## DISCUSSION AND ANALYSIS

A.     <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe the allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

      B.      Eleventh Amendment Immunity

In their official capacities, Defendants are immune from monetary damage claims under the Eleventh Amendment because such an action is the same as a suit against the sovereign.  Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S.Ct. 900 (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S.Ct. 1868, 1871 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

      C.      Absolute Immunity

Defendant Kiel is also protected from Plaintiff's damages claims against him in his individual capacity by the doctrine of absolute immunity. Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers.  Id.

D.    Due Process

As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995, 118 S. Ct. 559 (1997) (citations omitted). Because Texas prisoners have no liberty interest in parole, they cannot challenge any state parole review procedure on procedural (or substantive) Due Process grounds. Id. (citations omitted). In Johnson, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. Id. "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995).

E.    Equal Protection

Plaintiff also has not alleged a valid equal protection violation. In Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073 (2000), the Supreme Court recognized that equal protection claims can be brought by a " 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." To prevail on such a cause of action, a plaintiff does not have to allege membership in a protected class or group. Shipp v. McMahon, 234 F.3d 907, 916 (5th Cir. 2000), overruled in part on other grounds by, McClendon v. City of Columbia, 305 F.3d 323, 328-29 (5th Cir. 2002) (en banc). However, the Fifth Circuit requires a plaintiff "to present evidence that the

defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." Id. (quoting Hilton v. City of Wheeling, 209 F.3d 1005, 1008 (7th Cir. 2000)).

Beyond conclusory allegations that others similarly situated have been treated differently, Plaintiff offers no specific factual support for his assertions. See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986) (plaintiff in § 1983 action must state specific facts, not merely conclusory allegations, to support his claim).[6] Even assuming that Plaintiff's allegations supported an inference of disparate treatment, he fails to allege any factual support that illegitimate animus or ill will motivated the disparity. Additionally, Plaintiff cannot make out the last element of his claim; namely, that there was no rational basis for the difference in treatment. As recognized by the Fifth Circuit, the discretionary decision to grant parole must be made on a case-by-case basis based on the unique circumstances of each prisoner, including the inmate's criminal record and offense. Stevenson v. Louisiana Bd. of Parole, 265 F.3d 1060 (5th Cir. 2001).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)  It is further recommended that Plaintiff be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

---

[6] Plaintiff alleges other prisoners with the same charge and same sentence has been granted parole after serving six, seven or eight years. Plaintiff complains he has had to serve over ten years of his sixty-year sentence.

OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of August, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE